IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| BERKSHIRE ASSOCIATES, INC. | * | |
| Plaintiff, | * | |
| v. | * | Case No. AMD-01-CV-2607 |
| DAVID COHEN | * | |
| Defendant. | * | |

* * * * * * * * *

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by the undersigned attorneys for the parties to the above-captioned consolidated matter as follows:

1. **Scope.** All documents produced or made available for inspection, and any other information produced or disclosed during the course of this litigation, shall be governed by this Order.

2. **Restrictions on Use of Confidentiality-Designated Material.** Material identified in Paragraph 1 shall be used and disclosed solely for the prosecution, investigation or defense of the claims in this action and any appeal thereof and shall not be used or disclosed for any business, commercial, competitive, personal or other purpose.

3. **Access to "Confidential" Materials.** All material identified in Paragraph 1 shall be maintained in confidence by the party to whom such materials are produced or disclosed solely for use as provided in Paragraph 2 of this Order and shall not be disclosed to any person except:

   a. The Court and its officers, including court reporters at depositions taken in this case;

   b. Counsel of record and employees of counsel of record;

    c. In-house counsel for a party and in-house counsel staff working on this litigation;

    d. The parties;

    e. Persons not employees of any party who are expressly retained to assist such party's counsel in the preparation of this action for trial including, but not limited to, independent auditors, accountants, statisticians, economists, and other designated experts, and the employees of such persons, provided that such persons have received a copy of this Order and have agreed to be bound by the terms of this Order;

    f. Persons who may be fact witnesses in this cause of action, including, but not limited to, deponents during the taking of their deposition in this litigation, provided that such persons have received a copy of this Order and have agreed to be bound by the terms of this Order; and

    g. Other persons as ordered by the Court, provided that such persons have received a copy of this Order and have agreed to be bound by the terms of this Order.

  4. **Additional Disclosure.** If counsel wish to disclose materials in Paragraph 1 to any person not identified in Paragraphs 2 and 3 above, they must proceed in the following manner: the names of the persons to whom the material is to be disclosed shall be provided in writing to lead counsel for the producing party, together with a description with reasonable specificity of the confidential material to be disclosed. Counsel for the producing party shall have five (5) business days to object to such disclosure in writing. If an objection to the disclosure is asserted by counsel to the producing party, the party wishing to disclose the confidentiality-designated materials must apply for relief to the Court. Such material shall not be disclosed pending a decision by the Court on such

2

motion. Prior to the disclosure of confidential material to any such person, the person must agree to be bound by the terms of this Stipulated Protective Order.

5.  **Copies and Summaries.** Any person who obtains access to material designated in Paragraph 1 shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose confidential information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses confidential information, is to be treated in accordance with the provisions of this Stipulated Protective Order.

6.  **Request for Disclosure of Confidential Materials in Another Proceeding.** If any party is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand, or other process or otherwise in connection with any investigation or litigation) to disclose any confidential material produced by another party hereto or material produced pursuant to a confidentiality or nondisclosure agreement between the parties, such party shall provide to the other party prompt notice of any such request or requirement, unless otherwise prohibited by law.

7.  **Additional Protective Orders.** This Order shall be without prejudice to the right of the parties or third parties to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulated Protective Order shall not be deemed to prejudice the parties or third parties in any way in any future application for modification of this Stipulated Protective Order.

8.  **Disposition of Confidential Material After the Case.** Upon final adjudication, or resolution through settlement, of this case, counsel for the parties shall assemble and return to each

other all documents, materials, and deposition transcripts designated as confidential material and all copies of same, or shall certify the destruction thereof.

9. **Inadvertent Production.** The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege shall not constitute a waiver of the applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document.

10. **Submission to the Court.** The parties agree to submit this Stipulated Protective Order for entry by the Court. The parties agree to be bound by its terms for disputes arising after submission to the Court and subsequent to entry by the Court.

11. **No Waiver of Rights.** This Stipulated Protective Order shall not be deemed a waiver of:

    a. Any party's right to object to any discovery requests on any ground;

    b. Any party's right to seek an order compelling discovery with respect to any discovery request;

    c. Any party's right at any proceeding herein to object to the admission of any evidence on any ground;

    d. Any party's right to use its own documents with complete discretion; or

    e. Any party's right to move the Court to amend any portion of this Stipulated Protective Order.

4

12. **Duration.** This Order shall survive the final termination of this action. To the extent that the information contained in confidential material is not or does not become known to the public other than in breach of any agreement between the parties or contrary to the terms of this Stipulated Protective Order, the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

For good cause shown, **IT IS SO ORDERED.**

SIGNED this ____ day of September, 2001.

_____
Andre M. Davis, Judge
United States District Court

**FORM OF ORDER APPROVED
AND ENTRY REQUESTED**

_____
Ronald W. Taylor, Esquire, Bar No. 03890
Christine P. D'Elicio, Bar No. 25505
Venable, Baetjer & Howard LLP
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201-2978
(410) 244-7400

Counsel for Plaintiff, Berkshire Associates, Inc.

_____
Martin B. Ellis, Esquire, Bar No. 24812
Shumaker Williams, P.C.
Suite 405, The Lafayette Building
40 West Chesapeake Avenue
Towson, Maryland 21204

Counsel for Defendant, David Cohan

_____
Clifford B. Geiger, Esquire
Kollman & Sheehan, P.A.
8th Floor, Sun Life Building
20 South Charles Street
Baltimore, Maryland 21201-3225

Counsel for Defendant, David Cohan